**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CIVIL ACTION NO:

MR. SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
1-866-409-7758

v

STEIN MART, INCORPORATE
1200 Riverplace Boulevard
Jacksonville, FL 32207

**FILED**

FEB - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE NUMBER 1:06CV00194

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/__/2006

*JURY ACTION*

---

Come Sam L. Clemmons, a former part-time employee of Stein

Mart Incorporation located at 1155 Mount Vernon Highway,

Dunwoody, GA file this civil complaint in the District Court for

the District of Columbia against such defendant (Stein Mart,

Incorporation) located at 1200 Riverplace Boulevard,

Jacksonville, FL 32207 whom is a publicly-trade (NASDAQ NMS:

SMRT) company, best described as a hybrid between a better

department/specialty store and a traditional off-price retailer

with approximately 261 plus stores located throughout the United

States of America with nearly over 1.5 billion in sales publicly

reported.

The plaintiff file this civil suit action in the District

Court for the District of Columbia against the defendant for

violation of statue 18 U.S.C.A. § 1001.

1    Stein Mart, Incorporation is responsible for the actions by

2    employee Kendall J. Brown who is a Men's Store Manager, who is

3    believe to be alleged in violation of federal, state and local

4    laws in obstruction of justice in providing a federal agent from

5    the Department of Justice fraudulent information in an ordered

6    federal investigation concerning the plaintiff's character and

7    background concerning national security matters or issues of the

8    plaintiff. *See case law and related cases: Lucia, 36 F.3d at*

9    *174(quoting Serabian, 24 F.3d at 361; see also North Central*

10   *F.S., Inc., 951 F. Supp. at 1408 (quoting DeWit, 879 F.Supp. at*

11   *989-90, in turn quoting Lucia, 36 F.3d at 174). Jones*

12

13   *Distributing Co., Inc. V. White Consol. Indus., 943 F. Supp.*

14   *1445, 1470 (N.D. Iowa 1996)(citing Robinson v. Perpetual Servs.*

15   *Corp., 412 N.W.2d 562, 565 (Iowa 1987) in turn citing Hagarty v.*

16   *Dysart-Geneseo Community Sch. Dist., 282 N.W.2d 92, 95 (Iowa*

17   *1979), and Grefe v. Ross, 231 N.W.2d 863, 867 (Iowa 1975))* see

18   Fed. Rules Civ.Proc. Rule 17, 28 USCA and complete understanding

19   of Federal Regulation **111 ALR, Fed. 295 and statue 18 U.S.C.A §**

20   **1001(2)(34)**.

21

22    Before the plaintiff addresses the case and complaint to

23   the courts, the plaintiff would like to add an in-depth passage

24   to the defendant (Kendall J. Brown) so that the defendants will

25   have a full but fair understanding of the plaintiff's actions

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

here today in filing this complaint before a judge or courts to

hear and rule on this submission of the evidences to the courts.

The plaintiff expresses to the defendant(s) that ignorance

of the law are no excuses, it is one of the most familiar

phrases in any branch of jurisprudence. It is not entirely

without exception, although some exceptions are rare. What one

has intended to do results in their own passage and

interruptions of the law? In other words, what the plaintiff is

saying to the defendant that every person is presumed to know

the law; in order to understand either the rule itself, or the

exceptions thereto, it is necessary to know in this case matter

what is the words "presumed" and "presumption" and they are used

in three different senses in the law. One of the senses is to

signify a mere inference of fact. The second one is a true

presumption, which is a rule of law which calls for certain

results unless the party or defendant adversely affected comes

forward with evidence to overcome the complaint filed against

such defendant. This (although it is the true presumption) often

is referred to as a "*prima facie presumption*" to distinguish it

from the so called "conclusive presumption" which is a legal

device in the form of a what they call a postulate used for the

determination of a particular case whether it represents the

actual facts or not. Which bring about the rule of evidence when

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

1  a typical example is the conclusive presumption of delivery by

2  all parties or defendants to a negotiable instrument which has

3  reached the hands of a holder such as the plaintiff in due

4  course, the net result of this "conclusive presumption" is that

5  such a plaintiff as myself in due course can enforced the

6  instrument such as a complaint such as I am doing as effectively

7  against the defendant who did not deliver proof to support his

8  or her slanderous, derogatory comments and crimes to

9  intentionally to cause harm and hurt upon the plaintiff.

10

11

12      If "everyone is presumed to know the law" in this sense, it

13  means that a particular case will be disposed of exactly as if

14  the defendant actually did know the law whether such is the fact

15  or not. And this is exactly the sense in which this word should

16  be used in evaluation of the facts in this case before the judge

17  and the courts today. It is known this is the sense in which it

18  is used in all cases in which "ignorance of the law is no

19  excuse." There are some rare and exceptional cases in which

20  ignorance of the law is recognized as an excuse in some criminal

21  cases the presumption is rebuttal able, but in this case before

22  the court we have a very knowledgeable defendant, who is of age

23  to know right from wrong. We have someone who is very capable of

24  thinking things through before committing a wrongful act or

25

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

1  committing a crime and someone who will take responsibility for

2  their actions.

3

4      So the plaintiff say to the defendant and the courts, if

5  these federal allegations that the plaintiff is about to address

6  to the courts in this complaint are true, the plaintiff would

7  like to inform the defendant that the plaintiff have children of

8  his own and the plaintiff must inform the defendant and the

9  courts...that this type of behavior that the plaintiff has

10  received from this federal investigation agency is learned or

11  taught by someone or retained through some particular source

12  somewhere or it could have been taught by the defendant's

13  employer.

14

15

16      The plaintiff says to defendant that he would never teach

17  or inform his children to do what the defendants have done to

18  the plaintiff and advise his children to do it to others. This

19  type of behavior or conduct by the defendant(s) has no

20  justification. The plaintiff informs the defendant to be

21  accountable and responsible for your actions and reply back to

22  the courts with the truth.

23

24

25

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

1    The plaintiff will also like to say to the defendant think

2    of the plaintiff as if the plaintiff was you, what if someone or

3    an agency would have done this to you? How would you feel? How

4    would you react? Would you think… what the plaintiff have done

5    here today is not justified? The plaintiff says we all have a

6    heart that beat like a clock. We all share and breathe the same

7    oxygen. We all have blood running through our vain; we all

8    expect to be treated fairly, but equal while we are here on

9    earth. So the plaintiff asks the defendant(s), why have you

10   treated him so differently? What have the plaintiff done to you

11

12   or your business prior to this complaint?

13

14   They say, "The truth shall always set you free"; "Giving

15   false testimonies will always come back to capture you". No

16   matter how hard it is for someone to tell the truth. You must

17   tell it if you ever want to be free. To the defendant, the

18   plaintiff says again… you're caught up in this because of your

19   false testimonies given to a federal agent under a federal

20   investigation. Your false testimonies have come back to capture

21   you. If you just can't say anything good about a person, it's

22   best not to say anything at all. If you choose to say something

23   bad about a person make sure you have the evidence to support

24   your statements, because if you don't have the evidence to

25   support your statements and the other person does…it's a crime

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

1  to say things about someone that are not true, especially under

2  a federal investigation such as this one see statue 18 U.S.C.A.

3  § 1001 and your Stein Mart, Incorporation Code of Business

4  Conduct and Ethics, Sections (Good Faith Reporting of

5  Wrongdoing).

6

7      The plaintiff addresses the courts that if the defendant is

8  no longer employed at the defendant's business, then the

9  business should take full responsibility for the defendant's

10  actions and the business owner should make every means and

11  efforts to contact the defendant (Kendall J. Brown) and bring

12  Kendall J. Brown to justice to prevent ongoing actions as these

13  in our communities.

14

15

16      With that said, the plaintiff files this complaint stating

17  that it is believe, but not confirmed that Kendall J. Brown

18  intentionally committed a felony crime in providing false

19  information to a federal agent upon an agent revealing his

20  identity and clearly advising and informing the defendant of the

21  purpose of the federal agent's interview while a national

22  security investigation was being conducted on the plaintiff

23  under the United States Title Code, Title 5, USC, Section 552a,

24  Exemption (j)(2) of the Privacy Act and Title 5, USC Section

25  552, Exemption (b)(7)(A), (b)(2), (b)(6) and (b)(7)(c) and U.S.

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

1   Executive Order 10450, 10865, 12333, and 12356; section 3301 and

2   9101 of title 5, U.S. Code; section 2165 and 2201 of title 42,

3   U.S. Code; section 781 to 887 of title 50, U.S. Code 401a(4)

4   (3)(d) and part 5, 732  736 of Title 5. **See case law and related**

5   **case of:** _Serabian v. Amoskeag Bank Shares, Inc., 24 F. 3d 357,_

6   _361 (1ˢᵗ Cir. 1994)_); also see _North Central F.S., Inc., 951 F._

7   _Supp. at 1408_ (quoting _DeWit, 879 F. Supp. at 989-90_, in turn

8   quoting _Lucia, 36 F.3d at 174_).

9

10

11      It is believe, but not confirmed that the defendant

12   (Kendall J. Brown) intentionally committed these acts of

13   malicious slander and deformation of character and other crimes

14   with a criminal motive and intent to destroy the plaintiff's

15   character, background and career. (**See statue and related cases**

16   **according to:** U.C.A. 1953, 76-6-405, 76-6-1102 and _State v._

17   _Ross,_ 951 P.2d 236, 241 (Utah Ct. App. 1997).

18

19      If such is confirmed through this court, let the facts be

20   known and confirmed that the defendant wrongfully, willfully,

21   deliberately, maliciously, and intentionally gave fraudulent

22   information to a federal investigator with an attempt for

23   unknown reasons to seek and destroy the plaintiff's character,

24   background and career.

25

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

Upon a court examination of the facts that will be provided to the courts, the defendant (Kendall J. Brown) should have no reasons for recoil or defend against such court's summary judgment.

If false information is discovered or to exist in the federal investigation report and the plaintiff can prove the false information to be false, the courts should consider the information provided to the federal investigator a crime under the federal, state and local jurisdiction and is punishable upon releasing of the facts by the federal government and the plaintiff after the court review the defendant's evidence. Therefore, these testimonies made by the defendant (Kendall J. Brown) should be label as FRAUD and outright rule in favor of the plaintiff.

The plaintiff is asking the court to review all the facts that the defendant must provide to the courts concerning producing the plaintiff's files or records to show the plaintiff was employed at Stein Mart for **one** full week and show a pay stud or a W-2 showing one week of pay and termination papers signed by the defendant or the plaintiff terminating the plaintiff's employment with Stein Mart, Incorporation according to the defendant's statement made by Kendall J. Brown. The plaintiff is

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard, Jacksonville, FL 32207

1    asking the defendant to provide the court with interview notes

2    or application with Kendall J. Brown accepting the plaintiff as

3    a hired employee. Provide the courts with copies of counseling

4    statements signed by both the plaintiff and the defendant to

5    justify events or occurrences as stated by the defendant in the

6    report. If any of the requested information cannot be provided

7    to the court then such statements against the plaintiff is not

8    true and this testimony made by Kendall J. Brown is a violation

9    of 18 U.S.C.A. § 1001 (Fraud). Please review the investigator's

10   comments made by the assistant store manager and manager name

11   Felicia D. Price and Evette D. Woods. Both statements should

12   show the courts that something is serious wrong in Kendall J.

13   Brown's Statements or his character.

14

15   The plaintiff wish to inform the defendant that according

16   to the state law of the State of Georgia, an employer have no

17   exclusive rights or claim to a former employee unless such

18   employee has worked at such business or corporation for 90 days

19   or more. If such employee has not work for such employer over 90

20   days, why will such employer as Stein Mart corporation as the

21   rights to make derogatory statements about a former part-timer

22   employee? If such employer give any fraudulent information to a

23   federal investigator about a former employee or employee it is a

24   violation under section 18 U.S.C.A. § 1001 (Fraud).

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

The plaintiff left this temporary part-time employment to seek a better job opportunity within the national federal security business as stated by Felicia D. Price, your assistant store manager.

The plaintiff is stating to the court that the plaintiff can prove to the courts that such testimony is fraud and the plaintiff wishes to inform the court that upon returning to Stein Mart, Incorporation after having a pervious excellent working history and relationship under management by the name of Evette D. Woods, Mr. Cuts, and Sandy Azzarello only these three individuals should have creditability in revealing any information concerning the plaintiff's character in this business establishment. Where did this employee by the name of Kendall J. Brown come from and what make him to have so much creditability to represent Stein Mart Corporation?

The plaintiff is informing the courts that such person by the name of Kendall J. Brown was never the plaintiff's manager and never had supervision or authority to supervise the plaintiff's work performance. The plaintiff wish to inform the courts that from the very limited period of time the plaintiff was there, there was two males that plaintiff came in contact with, both briefly presented themselves as managers from

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard, Jacksonville, FL 32207

1  different departments. The plaintiff do recall correcting one of

2  the managers on the dress code or style by informing and

3  advising the male that the standard dress attire for the store

4  is for employees to wear black or brown shoes when working in

5  this type of business. The plaintiff recall that person having

6  on bright red shoes with very loud color clothing more revealing

7  of a "pimp" style dresser and not conservative to fit the

8  customers that shopped in this particular store for retail

9  purchases. The plaintiff saw no harm done by giving professional

10 advice to the person (probably Kendall J. Brown).

11

12

13    Base on the investigator's comments this type of behavior

14 the subject or manager gave such investigator is not according

15 to the state employment laws of the State of Georgia, the

16 federal government and not according to section 18 U.S.C.A. §

17 1001 (FRAUD)and the Standard Form 86 and 86A.

18

19    These statements are more of an intentional act to cause

20 harm or revenge and the employer should be held completely

21 liable for any of these damages that have resulted from such

22 slanderous comments. Since these comments or actions were

23 conducted by a Stein Mart's Representative, whom has caused the

24 plaintiff a professional national security career opportunity

25 and hardship. Stein Mart is liable for these damages.

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

1    The plaintiff states to the courts if the defendant cannot
2  provide the courts with any of the above requests even when such
3  records should still be within the seven year window prior to
4  mandatory deletion. Regardless, the defendant still should have
5  the employment records alone with a copy of the W-2 form to show
6  the approximately time period the plaintiff existed at this
7  location stated in this complaint to justify the time span.
8
9
10    The plaintiff is filing this relief in the District Court
11  for the District of Columbia to review the facts requested in
12  this complaint and examine the facts with the investigator's
13  report and determine who should be held liable for giving
14  fraudulent information under a federal investigation. The law
15  states in any matter within the jurisdiction of a department or
16  agency of the United States, so that the courts can determined
17  if the defendants misused their positions within the Federal
18  Government as proscribed by § 1001.
19
20    The plaintiff stresses to the court that the plaintiff is
21  the one who is suffering over these fraudulent actions and
22  violation of the law not the defendants. The plaintiff cannot be
23  responsible for the defendant's (Kendall J. Brown) incompetence.
24
25

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,
Jacksonville, FL 32207

Even though the burden of proof does not rest with the plaintiff, the plaintiff is willing to provide the courts with a copy of the plaintiff's W-2 Form to show such statements and comments in this investigation report to be Fraud. The plaintiff will provide these facts upon a motion to enter discovery.

Due to the damages that has occurred by the defendants (Stein Mart, Incorporation and Kendall J. Brown) and the federal agent), the plaintiff is seeking full recovery against such damages and request the District Court for the District of Columbia to place a summary judgment against the defendant in the amount of **$15,000,000.00** (fifteen million dollars) for punitive damages done and recovery in relation to mental and emotional distress and damages done to plaintiff's family and career due to these negligence acts by the defendants. If such alleged intentional allegations are confirmed to be truthful in District Court.

In results of the defendant being a business that operates out of another state and such other states does not have jurisdiction over this federal matter of the law under section 18 U.S.C.A. § 1001. In additional, the plaintiff is requesting the court to force an order on the defendant (Kendall J. Brown) to attend ethics classes and professional counseling to prevent

1 further pathology actions as the defendant has proven abilities
2 of committing these acts which may have formed from pervious
3 problems while being employed under this business or another
4 establishment.

5

6    The plaintiff is in need of a permanent gag order from the
7 courts to prevent the defendant (Kendall J. Brown) from
8 disruption the good name of the plaintiff ever again while doing
9
10 business in the State of Georgia and aboard and to permanently
11 prevent the defendant from intervening in any business matters
12 of the plaintiff ever again.

13

14    If such alleged allegations are confirmed to be fraud by
15 the courts and that the defendant made such false testimonies in
16 this federal investigation report. There should not be any need
17 for a jury trail.

18

19    Neither the defendants are employees or contractors of the
20 federal government therefore, such violation of the United
21 States Code 5 U.S.C. § 2302(b) (8) which alleges and set forth a
22 violation of the prohibited personnel practice policy by federal
23 government employees does not apply, but these actions in the
24 State of Georgia should apply and the District Court of Columbia
25 have jurisdiction to place a summary judgment and enter an order
Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,
Jacksonville, FL 32207

1  against the defendant and the defendant's employees if these
2  investigator's allegations are confirmed truthful.

4      It is true and known that the plaintiff discovered these
5  false allegations in a United States Government "federal"
6  investigation document dated June of the year of 2000 that was
7  finally and officially released to the plaintiff for review on
8  August 5, 2005. Which shows this action is filed within the
9  proper time for damage recovery according to the Freedom of
10 Information Act § 5 U.S.C.A. § 552 and statue of limitations.

13     The plaintiff wishes to maintain and reserve rights to sell
14 story to the public if necessary.

16     In defense by the plaintiff, upon a motion to enter
17 discovery, the plaintiff will provide the court with facts
18 against the alleged defendant's statements to show there is an
19 intentional act committed by the defendant or the federal agent,
20 even when the burden of proof does not exit within the
21 boundaries of the plaintiff. Facts will be presented to the
22 court at the time the complaint has been certified express mail
23 delivered to the defendant with a tracking # **EQ 242464019 US.**
24 When the defendant has received the complaint, summon and
25 defendant's testimonies statements, the District Court for the

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

District of Columbia will receive the defendant's testimony along with the affidavit of service. The District Court's Express mail tracking number will be **EQ 242464005 US**.

In closing, since the burden of proof will fall on the defendant (Kendall J. Brown and Management) to prove to the courts that such investigator comments are truthful or not truthful, the plaintiff asks the defendant to provide the court with all the fact documentation stated in this compliant to support defendant's statements made to the federal agent in the defendant's federal investigation testimonies.

If such proof can be provided by the defendant upon a court's order to enter discovery the plaintiff will drop this complaint out right and request this matter to be dismissed.

If the defendants wishes that this civil action cannot be settled out of court, the plaintiff is asking for a civil trial before his peers (jury trail) revealing all the issues along with the **FACTS** set forth in this case for a jury to rule base on the issues and facts provided in this compliant as of this date the compliant is filed and logged into United States District Court's system.

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard, Jacksonville, FL 32207

All attempts to resolve this complaint have been exhausted, the burden of the proof lies on the defendant to prove their *testimonies* to be truthful on the record. When considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). I would advised the defendant to consider case laws *Langley v. Adams County*, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trail is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. See **Fed.Rules Civ.Proc. Rule 217k2406(2) and the Stein Mart, Inc.'s Code of Business Conduct and Ethics, Section (Good Faith Reporting of Wrongdoing).** *See case law*: *Anthony v. United States*, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trail, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore, case law to consider: *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Defendant's Commercial Business Policy Insurance Company under Crime Insurance Policy, provided by the defendant (hereinafter the "Employers' Liability and Fiduciary

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard, Jacksonville, FL 32207

1  Duty of the employer or employee", and therefore the defendant

2  has sustained no loss in this action, nor did the plaintiff

3  cause any hurt or harm to the defendant, the defendant caused

4  this action or judgment upon itself (The Employer).

5

6          *They say in the end ...Good will always triumph over Bad....*

7

8  End of Complaint:

9

10                                    Sam L. Clemmons

11                                    548 Saint Charles PL
                                      Brookhaven, MS 39601

12

13      **CC:** www.usps.com for tracking purposes

14

15  Stein Mart, Incorporation;
          **Express Mail #: EQ 242464019 US**

16  **Mary L. Lee, Paralegal Certified Mail # 7005 0390 0002 2211 2578**

17  United State District Court of the District of Columbia;
          **Express Mail #: EQ 242464005 US**

18

19  Records

20

21

22

23

24

25

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

**American Law Reports ALR Federal**
**The ALR databases are made current by the weekly addition of relevant new cases.**

Giving false information to federal department or agency as violation of 18 U.S.C.A. § 1001, making it criminal offense to make false statements in any matter under jurisdiction of department or agency of United States

Beth Bates Holliday, J.D.

The broad range of conduct potentially proscribed by 18 U.S.C.A. § 1001, coupled with Congress' limited guidance as to specific behavior within the statute's scope, has provided ample opportunity for arguments that a particular defendant's act or failure to act was not prohibited by § 1001 or, as in United States v Salas-Camacho (1988, CA9 Cal) 859 F2d 788, 111 ALR Fed 779, that the proscribed conduct should be considered a single act of falsification supporting only a single conviction, rather than separate falsifications supporting multiple § 1001 convictions. Cases determining whether the acts or nonfeasance charged violated § 1001 have been collected and analyzed in this annotation.

TABLE OF CONTENTS

　　　Article Outline
　　　Index
　　　Statutory Text
　　　Table of Cases, Laws, and Rules
　　　Research References

ARTICLE OUTLINE

§  1[a] Introduction--Scope

§  1[b] Introduction--Related annotations

§  2. Background and summary

§  3[a] Statements relating to criminal matters other than criminal tax evasion--commission of offense--
　　　Held to violate 18 U.S.C.A. § 1001

§  3[b] Statements relating to criminal matters other than criminal tax evasion--commission of offense--
　　　Held not to violate 18 U.S.C.A. § 1001

§  4[a] Identity of person involved in criminal proceeding--Held to violate 18 U.S.C.A. § 1001

§  4[b] Identity of person involved in criminal proceeding--Held not to violate 18 U.S.C.A. § 1001

§  5[a] Resolution of pretrial procedural issue--Held to violate 18 U.S.C.A. § 1001

§  5[b] Resolution of pretrial procedural issue--Held not to violate 18 U.S.C.A. § 1001

§  6[a] Prior criminal record--Held to violate 18 U.S.C.A. § 1001

§  6[b] Prior criminal record--Held not to violate 18 U.S.C.A. § 1001

§  7[a] Bail--Held to violate 18 U.S.C.A. § 1001

06 0194

FILED

FEB - 3 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

§  7[b] Bail--Held not to violate 18 U.S.C.A. § 1001

§  8. Sentencing

§  9[a] Statements relating to civil proceedings--Held to violate 18 U.S.C.A. § 1001

§  9[b] Statements relating to civil proceedings--Held not to violate 18 U.S.C.A. § 1001

§  10[a] Statements relating to federal income tax--Held to violate 18 U.S.C.A. § 1001

§  10[b] Statements relating to federal income tax--Held not to violate 18 U.S.C.A. § 1001

§  11[a] Statements relating to government contracts--Held to violate 18 U.S.C.A. § 1001

§  11[b] Statements relating to government contracts--Held not to violate 18 U.S.C.A. § 1001

§  12. Statements relating to individual's employment with or licensing by Federal Government or employment with employer receiving federal funds-- qualifications

§  13[a] Prior criminal record or criminal activity--Held to violate 18 U.S.C.A. § 1001

§  13[b] Prior criminal record or criminal activity--Held not to violate 18 U.S.C.A. § 1001

§  14. Conflict between employee's and government's interests

§  15. Employee's misuse of position

§  16. Compensation or benefits

§  17[a] Statements relating to federal grant or loan, generally--Held to violate 18 U.S.C.A. § 1001

§  17[b] Statements relating to federal grant or loan, generally--Held not to violate 18 U.S.C.A. § 1001

§  18[a] Statements relating to payment under federal entitlement or subsidy program--Held to violate 18 U.S.C.A. § 1001

§  18[b] Statements relating to payment under federal entitlement or subsidy program--Held not to violate 18 U.S.C.A. § 1001

§  19[a] Statements relating to federally insured loans--Held to violate 18 U.S.C.A. § 1001

§  19[b] Statements relating to federally insured loans--Held not to violate 18 U.S.C.A. § 1001

§  20[a] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held to violate 18 U.S.C.A. § 1001

§  20[b] Statements relating to activities of financial institutions--filing currency transaction reports (CTRs)--Held not to violate 18 U.S.C.A. § 1001

§  21. Other activities

§  22[a] Statements relating to stock or brokerage agreements--Held to violate 18 U.S.C.A. § 1001

§  22[b] Statements relating to stock or brokerage agreements--Held not to violate 18 U.S.C.A. § 1001

§  23. Statements relating to patents

§  23.5. Statements relating to copyright

§   24[a] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held to violate 18 U.S.C.A. §  1001

§   24[b] Statements relating to identification of individual, other than individual appearing in criminal proceeding--Held not to violate 18 U.S.C.A. §  1001

§  25[a] Statements relating to military matters or national defense--Held to violate 18 U.S.C.A. §  1001

§   25[b] Statements relating to military matters or national defense--Held not to violate 18 U.S.C.A. §  1001

§  26. Statements relating to purchase of surplus government property

§  27. Statements relating to quality, usage, or possession of federally regulated consumer goods

§  28. Statements relating to interstate shipment of goods

§   29[a] Statements relating to goods being brought into, or going out of, country--Held to violate 18 U.S.C.A. §  1001

§   29[b] Statements relating to goods being brought into, or going out of, country--Held not to violate 18 U.S.C.A. §  1001

§   30[a] Statements relating to amount of money individual has when crossing United States border--Held to violate 18 U.S.C.A. §  1001

§   30[b] Statements relating to amount of money individual has when crossing United States border--Held not to violate 18 U.S.C.A. §  1001

§   31[a] Statements relating to immigration and naturalization matters--Held to violate 18 U.S.C.A. §  1001

§   31[b] Statements relating to immigration and naturalization matters--Held not to violate 18 U.S.C.A. §  1001

§   32[a] Statements relating to assets held outside United States--Held to violate 18 U.S.C.A. §  1001

§   32[b] Statements relating to assets held outside United States--Held not to violate 18 U.S.C.A. §  1001

§   33. Statements relating to compliance with environmental protection regulations

§   34. Other statements

§   35. Constitutionality