UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS | ) |
| Plaintiff | ) |
| v. | ) Case No. 1:065CV00194 |
| | ) Judge Royce C. Lamberth |
| STEIN MART, INC. | ) |

**MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT OF STEIN MART, INC.'S
MOTION TO DISMISS AND ALTERNATIVELY MOTION TO TRANSFER VENUE**

Stein Mart, Inc. ("Stein Mart" or the "Defendant") moves to dismiss the Complaint filed against it by *Pro Se* Plaintiff Sam L. Clemmons ("Clemmons" or the "Plaintiff") on three grounds. First, Clemmons sues Stein Mart for violation of 18 U.S.C. § 1001. This is a criminal statute which does not provide for a private cause of action. Pursuant to Rule 12(b)(6) Clemmons has not plead a claim for which relief can be granted. Second, there is no long arm jurisdiction over Stein Mart for the alleged wrong of which Clemmons complains, therefore, the claim must be dismissed pursuant to Rule 12(b)(2). Finally, venue is improper in the District of Columbia. If the case is not dismissed on the preceding grounds, it should be transferred to the United States District Court for the Northern District of Georgia.

1. <u>The Standard for Granting a Motion to Dismiss.</u>

This Court articulated the standards for granting a motion to dismiss pursuant to Rule 12(b)(6) in *Qualls v. Rumsfeld*, 2006 WL 163454 (D.D.C. 2006). The Court must construe the allegations and facts in a light favorable to the plaintiff and grant the plaintiff all favorable inferences from the facts alleged. The Court is not required to accept "asserted inferences or conclusory allegations that are unsupported by the facts."

2.  <u>18 USC § 1001 Does Not Provide for a Private Right of Action.</u>

Clemmons complains that Stein Mart, through its agents, violated 18 U.S.C. § 1001. That statute provides:

> Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully (1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact; (2) makes any materially false, fictitious, or fraudulent statement or representation; or (3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry; shall be fined under this title or imprisoned not more than 5 years, or both. 18 U.S.C. § 1001 (a).

It is settled law that 18 U.S.C. § 1001 is a criminal statute that does not provide a private right of action. See *Weber v. Henderson*, 2001 WL 34377581 (E.D. Pa. 2001) (dismissing employment claim because there is "no reason to hold that Congress intended [18 U.S.C. 1001] to include a private right of action.."); *Anderson v. Daley*, 2000 WL 34541008 (E.D. Va. 2000) (claim for damage to reputation dismissed because 18 U.S.C. § 1001 does not provide for private right of action); *Pierce Daniels v. American Postal Workers Union*, 167 F.Supp.2d 999 (N.D. Il. 2001) (dismissing *pro se* employment claim because "nothing in criminal statute provides for a private right of action or provides civil remedies for a private person affected by any such statements); *Clements v. Miller*, 2005 WL 2085497 (D. Co. 2005) ("Section 1001 criminalizes certain fraudulent acts...There is no private right of action under section 1001.")

Therefore, Clemmons cannot state a claim for which relief can be granted. His complaint for violation of 18 U.S.C. § 1001 must be dismissed.

2

3. <u>The Court Does Not Have Long Arm Jurisdiction Over Stein Mart.</u>

Clemmons, a resident of Mississippi, has sued Stein Mart, a Florida corporation, for alleged violations of 18 U.S.C. § 1001. (Complaint, p. 1).[1] Clemmons was employed by Stein Mart at the Stein Mart store located in Dunwoody, Georgia. *Id.* He complains specifically about the actions of Stein Mart's employee, Kendall J. Brown. (Complaint, p. 2, line 2). Plaintiff complains that Brown "intentionally committed a felony crime in providing false information to a federal agent upon an agent revealing his identity and clearly advising and informing the defendant of the purpose of the federal agent's interview while a national security investigation was being conducted on the plaintiff..." (Complaint, p. 7, lines 18-24). Plaintiff alleges Brown was attempting to destroy his "character, background and career." (Complaint, p. 8, lines 24-25). Plaintiff does not specifically allege what investigation Brown purportedly participated in or responded to, though he states he discovered "these false allegations in a United States Government 'federal' investigation document dated June of the year of 2000 that was finally and officially released to the plaintiff for review on August 5, 2005." (Complaint, p. 16, lines 5-9). He attaches as an exhibit two pages entitled "Report of Investigation, Property of U.S. Office of Personnel Management." This exhibit references phone calls from the U.S. Office of Personnel Management to Brown, as well as Evette D. Woods and Felicia Price, all of whom are or were employees of Stein Mart in Georgia. Plaintiff invokes the jurisdiction of this court "to review the facts requested in this complaint and examine the facts with the investigator's report and determine who should be held liable for giving fraudulent information under a federal investigation." (Complaint, p. 13, lines 9-14).

---

[1] The Complaint does not contain numbered paragraphs. Therefore, Stein Mart refers to the page number where a particular allegation is alleged.

3

Stein Mart is a Florida corporation. It operates one store located within the District of Columbia which is located at 5345 Wisconsin Avenue, N.W. Plaintiff does not allege that he was employed at the Stein Mart store located in the District of Columbia.

Clemmons bears the burden of establishing personal jurisdiction over Stein Mart. He cannot rely on mere conclusory allegations. *Jung v. Association of American Medical Colleges,* 300 F.Supp.2d 119 (D.D.C. 2004). Clemmons must allege "some specific facts evidencing purposeful activity by the defendants in the District of Columbia by which they invoke the benefits and protections of the District's laws." *Id.* at 128. Clemmons' jurisdictional allegations must arise from the same conduct of which he complains. *Id.*

Section 13-423(a)(1) of the District of Columbia's long arm statute provides that "a District Court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's transacting any business in the District of Columbia." D.C. Code 13-423(a)(1). "To establish personal jurisdiction under this subsection, plaintiff must demonstrate that (1) the defendant transacted business in the District; (2) <u>the claim arose from the business transacted in the District</u>; (3) the defendant had minimum contacts with the District; and (4) the Court's exercise of personal jurisdiction would not offend the 'traditional notions of fair play and substantial justice.'" *Jung* at p. 128. (emphasis added).

Even though Stein Mart operates a store in the District of Columbia, Clemmons has not alleged any facts to show that his claim "arose from business transacted in the District." Plaintiff was employed in Georgia and now lives in Mississippi. He complains that Brown, Evette Woods and Felicia Price, Stein Mart employees in Dunwoody, Georgia, responded to an inquiry from the U.S. Office of Personnel Management about acts occurring in his employment in Georgia where Clemmons was employed. (<u>See</u> exhibit to Complaint). The only reference to the District of Columbia is the statement on the bottom of the exhibit that the generated form is

4

JACK_530886.1

"Property of the U.S. Office of Personnel Management, P.O. Box 886, Washington, D.C., 20044." Even assuming the inquiries to Brown, Woods and Price were initiated in the District of Columbia, this telephone communication is insufficient to form a basis for personal jurisdiction over Stein Mart as to the matter about which Clemmons complains. See *Jung* at 131 (communication of information up to ten times a year with agency located in District of Columbia was insufficient to form basis for personal jurisdiction). Therefore, this court does not have personal jurisdiction over Stein Mart and, pursuant to Rule 12(b)(2) the case must be dismissed.[2]

    4.    <u>Venue Should Be Transferred to the Northern District of Georgia if the Case is Not Dismissed</u>.

In the event that the court does not dismiss the case for the reasons requested above, venue should be transferred to the Northern District of Georgia, the judicial district in which the Stein Mart store where Clemmons was employed is located. 18 U.S.C. § 1001 does not provide a statement as to the appropriate venue because it does not provide for a private, civil cause of action. However, to the extent that Plaintiff's action can continue, venue would only be proper where the statements allegedly violating § 1001 were made. See generally *U.S. v. Bin Laden*, 146 F.Supp.2d 373, 376 (S.D.N.Y. 2001)(venue only proper in the judicial district in which allegedly false statements uttered). Here, the statements about which Clemmons complains were made by employees of Stein Mart in Georgia. Thus, venue is only proper in the Northern District of Georgia. Moreover, in employment cases, venue is appropriate where the alleged wrongful act was committed, normally the employee's place of employment. See

---

[2] Plaintiff has not plead that Stein Mart caused "tortuous injury in the District of Columbia by an act or omission in the District of Columbia" Therefore, jurisdiction is not conferred by D.C. Code § 13-423(a)(3). Further, Clemmons has not alleged he suffered an injury in the District of Columbia. Therefore, D.C. Code 13-423(a)(4) does not confer jurisdiction.

JACK_530886.1

5

*Macklin v. Mirant Mid-Atlantic,* 2005 WL 1006005 (D.D.C. 2005) (granting transfer from District of Columbia to Eastern District of Virginia when the unlawful employment practices did not occur in the District of Columbia).

WHEREFORE, Stein Mart requests that the Court dismiss the Plaintiff's case in its entirety or alternatively, transfer venue of the case to the Northern District of Georgia. Stein Mart also prays that it be awarded its costs and fees incurred in defending against this action.

Dated: March 20, 2006.

Respectfully submitted,

*/s/ Paul R. Monsees*

Paul R. Monsees, D.C. Bar No. 367138
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
(202) 672-5342

Kevin E. Hyde
FOLEY & LARDNER LLP
One Independent Drive, Suite 1300
Jacksonville, Florida 32202
(904) 359-8700

Attorneys for Defendant Stein Mart, Inc.