AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

SAM CLEMMONS

v.

Stein Mart, Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER  1:06CV00194

JUDGE: Royce C. Lamberth

DECK TYPE: FOIA/Privacy Act

DATE STAMP: 02/3/2006

TO: (Name and address of Defendant)

Stein Mart, Inc.
SERVE - **Attn: Corporate Attorney & HR Director**
1200 Riverplace Boulevard
Jacksonville, FL 32207

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF ~~~~ PROSE (name and address)

SAM CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601

an answer to the complaint which is served on you with this summons, within ____60____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY M. MAYER-WHITTINGTON
CLERK

FEB - 3 2006
DATE

(By) DEPUTY CLERK

RECEIVED
MAR 1 6 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | MARCH 3, 2006 |

| NAME OF SERVER (PRINT) | TITLE |
|---|---|
| SAM L. CLEMMONS | PLAINTIFF, PRO SE |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served: STEIN MART, INC. ATTN: CORPORATE ATTORNEY, 1200 RIVER PLACE BLVD., JACKSONVILLE, FL 32207

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | UNITED STATES POSTAL SERVICE | $16.25 |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on MARCH 3, 2006    _Sam L. Clemm___
                                Signature of Server

548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

```
                SANDY SPRINGS FINANCE UNIT
                     ATLANTA, Georgia
                         303289997
                      1204440024-0098
    03/02/2006      (800)275-8777      02:56:36 PM
    ━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━━
    ───────────── Sales Receipt ─────────────
    Product         Sale    Unit         Final
    Description     Qty     Price        Price
    ─────────────────────────────────────────────

    NORCROSS GA 30091                    $14.40
    Express Mail PO-ADD
     7.20 oz.
      Label #:          EQ242463999US
      Next Day 3PM   / Normal
      Delivery
      Return Rcpt (Green Card)           $1.85
                                        ========
              Issue PVI:                 $16.25

    JACKSONVILLE FL 32207                $14.40
    Express Mail PO-ADD
     6.90 oz.
      Label #:          EQ242464019US
      Next Day Noon  / Normal
      Delivery
      Return Rcpt (Green Card)           $1.85
                                        ========
              Issue PVI:                 $16.25

    GERMANTOWN TN 38138                  $14.40
    Express Mail PO-ADD
     6.80 oz.
      Label #:          EQ242463384US
      Next Day Noon  / Normal
      Delivery
      Return Rcpt (Green Card)           $1.85
                                        ========
              Issue PVI:                 $16.25
                                        ────────
    Total:                               $48.75

    Paid by:
    AMEX                                 $48.75
       Account #        XXXXXXXXXXXX2006
       Approval #:      502089
       Transaction #:   12
       23 902850395 4104710777


    Bill#:  1000201419024
    Clerk:  01

    — All sales final on stamps and postage. —
        Refunds for guaranteed services only.
            Thank you for your business.
                   Customer Copy
```

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS
548 SAINT CHARLES PL
BROOKHAVEN, MS 39601
1-866-409-7758

                    CIVIL ACTION NO:      CASE NUMBER: 1:06CV00194
                                          JUDGE: ROYCE C. LAMBERTH
        V                                 DECK TYPE: FOIA / PRIVACY
                                             ACT
STEIN MART, INCORPORATE                   DATE STAMP: 02/03/2006
1200 Riverplace Boulevard
Jacksonville, FL 32207


                    AFFIDAVIT OF SERVICE

    I, _SAM L. CLEMMONS, PLAINTIFF PRO SE_, hereby declare that on the __2ND__ of __MARCH__ 20_06_, I mailed a copy of the summons and complaint, certified mail return receipt requested, to _STEIN MART, INC. % CORPORATE ATTORNEY_ (the defendant & defendant's attorney). Attached hereto is the green card acknowledging service.

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
STEIN MART CORPORATION
ATTN. CORPORATE ATTORNEY
1200 RIVERPLACE BLVD.
JACKSONVILLE, FL 32207

**COMPLETE THIS SECTION ON DELIVERY**
A. Signature
X D. McC____ ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery 3/3/06
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
   ☐ Certified Mail    ☑ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label)  EQ2424640194US

PS Form 3811, February 2004   Domestic Return Receipt    102595-02-M-1540

PH # 866-409-7758

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard, Jacksonville, FL 32207

further pathology actions as the defendant has proven abilities of committing these acts which may have formed from pervious problems while being employed under this business or another establishment.

The plaintiff is in need of a permanent gag order from the courts to prevent the defendant (Kendall J. Brown) from disruption the good name of the plaintiff ever again while doing business in the State of Georgia and aboard and to permanently prevent the defendant from intervening in any business matters of the plaintiff ever again.

If such alleged allegations are confirmed to be fraud by the courts and that the defendant made such false testimonies in this federal investigation report. There should not be any need for a jury trial.

Neither the defendants are employees or contractors of the federal government therefore, such violation of the United States Code 5 U.S.C. § 2302(b)(8) which alleges and set forth a violation of the prohibited personnel practice policy by federal government employees does not apply, but these actions in the State of Georgia should apply and the District Court of Columbia have jurisdiction to place a summary judgment and enter an order

1  District of Columbia will receive the defendant's testimony
2  along with the affidavit of service. The District Court's
3  Express mail tracking number will be **EQ 242464002 US**.
4
5
6  In closing, since the burden of proof will fall on the
7  defendant (Kendall J. Brown and Management) to prove to the
8  courts that such investigator's comments are truthful or not
9  truthful, the plaintiff asks the defendant to provide the court
10 with all the fact documentation stated in this compliant to
11 support defendant's statements made to the federal agent in the
12 defendant's federal investigation testimonies.
13
14 If such proof can be provided by the defendant upon a
15 court's order to enter discovery the plaintiff will drop this
16 complaint out right and request this matter to be dismissed.
17
18 If the defendants wishes that this civil action cannot be
19 settled out of court, the plaintiff is asking for a civil trial
20 before his peers (jury trial) revealing all the issues along
21 with the **FACTS** set forth in this case for a jury to rule base on
22 the issues and facts provided in this compliant as of this date
23 the compliant is filed and logged into United States District
24 Court's system.
25

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard,

Jacksonville, FL 32207

All attempts to resolve this complaint have been exhausted, the burden of the proof lies on the defendant to prove their <u>testimonies</u> to be truthful on the record. When considering a motion for summary judgment, it is known that the court must examine all evidence in the light most favorable to the plaintiff (nonmoving party). I would advised the defendant to consider case laws <u>Langley v. Adams County</u>, Colorado, 987 F.2d 1473, 1476 (10th Cir.1933). When a moving party (the defendant) bears the burden of proof at trial is entitled to summary judgment only when the evidence indicates that no genuine issue of material fact exists. See **Fed.Rules Civ.Proc. Rule 217k2406(2) and the Stein Mart, Inc.'s Code of Business Conduct and Ethics, Section (Good Faith Reporting of Wrongdoing).** See case law: <u>Anthony v. United States</u>, 987 F.2d 670,672 (10th Cir.1993). If the moving party (the defendant) does not bear the burden of proof at trial, it must show "that there is an absence of evidence to support the nonmoving party's (the plaintiff) case" In this case the nonmoving party (the plaintiff) has expressed evidence to support the plaintiff's claim; therefore, case law to consider: <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) holds no merit in this case matter. The Defendant's Commercial Business Policy Insurance Company under Crime Insurance Policy, provided by the defendant (hereinafter the "Employers' Liability and Fiduciary

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard, Jacksonville, FL 32207

Duty of the employer or employee", and therefore the defendant has sustained no loss in this action, nor did the plaintiff cause any hurt or harm to the defendant, the defendant caused this action or judgment upon itself (The Employer).

*They say in the end ...Good will always triumph over Bad....*

End of Complaint:

*[signature]*
Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles PL
Brookhaven, MS 39601


CC: www.usps.com for tracking purposes

Stein Mart, Incorporation;
**Express Mail #: EQ 242464019 US**

**Mary L. Lee, Paralegal Certified Mail # 7005 0390 0002 2211 2578**

United State District Court of the District of Columbia;
**Express Mail #: EQ 242464022 US**

Records

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard, Jacksonville, FL 32207

ITEM: 016                                                                SOURCE: 011
   NAME STEIN MART, 1155 MOUNT VERNON HIGHWAY, DUNWOODY, GA
   PERSONNEL RECORD
   PROVIDER FELICIA D. PRICE, ASSISTANT STORE MANAGER
   SF RELEASE
   NO RECORD

ITEM: 016    INVESTIGATOR'S NOTE                                         SOURCE: 012

   PRICE REMEMBERED REVIEWING HIS PERSONNEL FILE IN JANUARY 2000, BUT
   COULD NOT LOCATE HIS FILE.

ITEM: 016                                                                SOURCE: 013
   NAME FELICIA D. PRICE, ASSISTANT STORE MANAGER, STEIN MART, 1155 MOUNT
        VERNON HIGHWAY, DUNWOODY, GA

   ACCEPTABLE
   PRIMARY ASSOCIATION SUPERVISOR
   AVERAGE EXTENT OF CONTACT REGULAR
   SPAN OF CONTACT 2 WEEKS IN JANUARY OR FEBRUARY 2000

   NO REASON NOT TO RECOMMEND

   PRICE MET HIM IN JANUARY OR FEBRUARY 2000 WHEN HE APPLIED FOR A SALES
   POSITION AT STEIN MART. AFTER PRICE REVIEWED HIS PERSONNEL FILE,
   PRICE INTERVIEWED AND HIRED HIM (DISCREPANT). THEY HAD CONTACT FOR
   ABOUT 1 MONTH AT WHICH TIME HE LEFT ON GOOD TERMS. THEY HAD NO OTHER
   CONTACT. PRICE WOULD RE-HIRE HIM. PRICE BELIEVED HE LEFT FOR A
   BETTER EMPLOYMENT OPPORTUNITY.

EXTRA COVERAGE UNABLE TO COMMENT - ALL

ITEM: 016                                                        SOURCE: 014
NAME KENDALL J. BROWN, MEN'S MANAGER, STEIN MART, DUNWOODY, GA

ISSUE(S) 774
PRIMARY ASSOCIATION SUPERVISOR
AVERAGE EXTENT OF CONTACT REGULAR
SPAN OF CONTACT 1 WEEK IN JANUARY OR FEBRUARY 2000

DOES NOT KNOW WELL ENOUGH TO RECOMMEND

THEY MET WHEN HE WAS HIRED AS A FULL TIME SALES PERSON IN THE MEN'S
DEPARTMENT AT STEIN MART, DUNWOODY (DISCREPANT). BROWN WAS HIS FIRST
LINE SUPERVISOR AND THEY HAD DAILY WORK CONTACT FOR ABOUT 2
WEEKS. THEY HAD NO SOCIAL CONTACT. THEIR CONTACT CEASED WHEN HIS
EMPLOYMENT WITH STEIN MART ENDED.

HIS EMPLOYMENT AT STEIN MART IN EARLY 2000 ENDED WHEN BROWN TERMINATED
HIM. THE LAST DAY HE WORKED HE WAS RECEIVING MANY TELEPHONE CALLS ON
HIS CELL PHONE WHILE ON THE STORE FLOOR. BROWN TOLD HIM THAT HE
SHOULD NOT BE TALKING ON A CELL PHONE ON THE SALES FLOOR. HE ANSWERED
BROWN, "I DON'T SEE IT BEING A PROBLEM". HE AND BROWN EXCHANGED A FEW
WORDS AND THE CONVERSATION BECAME "HEATED". BROWN TOLD HIM TO GO INTO
THE ADMINISTRATION OFFICE WHERE THEY COULD DISCUSS THE SITUATION.
BROWN THEN ASKED HIM WHY HE HAD NOT PERFORMED 2 TASKS THAT BROWN HAD
ASKED HIM TO DO. HE GAVE A NON-CHALANT ANSWER INFORMING THAT IT WAS
TOO MUCH WORK. BROWN COULD NOT REMEMBER THE ACTUAL ANSWER. HE THEN
TOLD BROWN, "WHEN I WORKED HERE BEFORE I DID NOT DO THIS MUCH WORK".
"I DO NOT NEED THIS JOB". AT THAT TIME BROWN TERMINATED HIM.

EXTRA COVERAGE UNABLE TO COMMENT - ALL


ITEM: 016                                                        SOURCE: 015
NAME EVETTE D. WOODS, LINENS & CHILDRENS MAN., STEIN MART, DUNWOODY, GA

ACCEPTABLE
PRIMARY ASSOCIATION COWORKER
AVERAGE EXTENT OF CONTACT REGULAR
SPAN OF CONTACT SPRING 1997 TO FEBRUARY 2000

NO REASON NOT TO RECOMMEND

THEY MET WHEN HE BEGAN WORKING AT STEIN MART IN DUNWOODY, GEORGIA, ON
A PART TIME BASIS, ABOUT 30 HOURS A WEEK. THEY HAD WORK CONTACT 3 OR
4 DAYS A WEEK. HE WORKED ABOUT 2 OR 3 MONTHS, AND RESIGNED FOR OTHER
EMPLOYMENT. THEY HAD NO CONTACT FROM THE SUMMER OF 1997 UNTIL JANUARY

```
NAME CLEMMONS, SAMUEL LENNIOUS, JR.                    | CASE # 00008928 | PAGE    8

DATES OF INVESTIGATION 07/05/00 - 07/11/00 | SID 0385 | ORG ID P93 | REPORT #  1
```

OR FEBRUARY 2000. HE WAS SHOPPING IN STEIN MART AND ASKED WOODS IF
THERE WERE ANY OPENINGS. SHE TOLD HIM TO SPEAK TO FELICIA PRICE ABOUT
BEING HIRED. HE WAS HIRED AND BEGAN WORKING 1 OR 2 DAYS LATER. HE
WAS IN THE MEN'S DEPARTMENT, WOODS WAS IN A DIFFERENT DEPARTMENT. THEY
ONLY HAD CONTACT IN PASSING AT STEIN MART. THEIR CONTACT CEASED WHEN
HE LEFT ABRUPTLY. WOODS HAS NO KNOWLEDGE WHY HE LEFT. THEY HAD NO
CONTACT OUTSIDE THE WORK ENVIRONMENT.

THE ONLY COMMENT THAT WOODS COULD PROVIDE REGARDING LAW ENFORCEMENT
POSITIONS WAS THAT HE WAS FORMER MILITARY.

EXTRA COVERAGE

ADAPTABILITY; FLEXIBILITY; ACCEPTANCE OF TRAINING AND CRITICISM
   UNSPECIFIC BUT FAVORABLE

ANALYTICAL ABILITY; MANAGEMENT OF TIME AND RESOURSES;
ABILITY TO RECOGNIZE LEADS, INCONSISTENCIES, DISCREPANCIES,
AND PATTERNS + DILIGENCE IN PURSUIT OF INFORMATION
   UNABLE TO COMMENT

APPEARANCE AND MANNER; ABILITY TO SPEAK/WRITE IN A CLEAR AND
GRAMMATICALLY CORRECT MANNER, APPROPRIATE IN BOTH STYLE AND
LANGUAGE; ABILITY TO SUMMARIZE INFORMATION AND TO ORGANIZE
   HE WAS ALWAYS WELL DRESSED AND POLITE.

ABILITY TO WORK INDEPENDENTLY; FOLLOW RULES; DISCRETION;
OBJECTIVITY; SENSE OF RIGHTS OF OTHERS; PERSONAL HONESTY
   UNSPECIFIC BUT FAVORABLE

ABILITY TO ESTABLISH RAPPORT AND ELICIT COOPERATION;
INTERVIEWING SKILLS; FRIENDLINESS
   HE WORKED WELL WITH THE CUSTOMERS WHEN HE AND WOODS WORKED TOGETHER IN
   1997.