UNITED SATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS )<br>)<br>**Plaintiff**, *Pro se* )<br>)<br>v. )<br>)<br>STEIN MART, INC., )<br>)<br>**Defendant**. )<br>)<br>) | Case No. 1:06-CV-00194<br>Judge Royce C. Lambert |

**DEFENDANT STEIN MART, INC.'S REPLY TO PLAINTIFF'S
MOTION NOT TO DISMISS AND PLAINTIFF'S MOTION TO MAINTAIN VENUE**

The Defendant, Stein Mart, Inc. ("Stein Mart" or the "Defendant") replies to the Plaintiff's Motion Not to Dismiss and Plaintiff's Motion to Maintain Venue (the "Response"). The Plaintiff, Sam L. Clemmons, acting *pro se*, filed the Response to Stein Mart's Motion to Dismiss and Alternatively Motion to Transfer Venue (the "Motion to Dismiss"). In reply to the Plaintiff's Response, Stein Mart states as follows:

  A. <u>Plaintiff Has Shown No Legal Authority that 18 U.S.C. § 1001 Provides a Private Right of Action</u>.

Stein Mart's Motion to Dismiss is based on the central argument, well established in controlling case law, that 18 U.S.C. § 1001 does not provide a private right of action. (See Memorandum of Points and Authorities in Support of Stein Mart, Inc.'s Motion to Dismiss and Alternatively to Transfer Venue at p. 2.) Plaintiff has shown no contrary legal authority to this established principle. Therefore, Stein Mart's Motion to Dismiss should be granted.

  B. <u>This Court Does Not Have Personal Jurisdiction Over Stein Mart</u>.

Plaintiff alleges this Court has jurisdiction over his complaint on the basis that "[t]he Federal Agent went into such Defendant's business to obtain such information and

transferred such information to the soil of the District of Columbia for processing and release" and because the alleged action by a representative of the federal government occurred by or from a "federal government headquarters ...located in the nation capitol which is the District of Columbia." (Response at I(1) and I(2)).  Neither of these facts establish the jurisdiction of this Court.

Under District of Columbia law, personal jurisdiction can be satisfied either by demonstrating that the court has general jurisdiction, or that the court has personal jurisdiction pursuant to the District of Columbia "long-arm" statute. *LaPointe v. Van Note*, 2004 U.S. Dist. LEXIS 27691, *5 (D.D.C. 2004). General jurisdiction may be had over a person domiciled in, organized under the laws of, or maintaining his or her principal place of business in, the District of Columbia as to any claim for relief. DC ST §13-422.  Additionally, under the District of Columbia "long-arm statute," a District of Columbia court may exercise personal jurisdiction over:

> (a) a person, who acts directly or by an agent, as to a claim for relief arising from the person's –
>
> (1) transacting any business in the District of Columbia;
>
> (2) contracting to supply services in the District of Columbia;
>
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
>
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if he regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
>
> (5) having an interest in, using, or possessing real property in the District of Columbia;

(6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or

(7) marital or parent and child relationship in the District of Columbia if:

> (A) the plaintiff resides in the District of Columbia at the time the suit is filed;
>
> (B) such person is personally served with process; and
>
> (C) in the case of a claim arising from a marital relationship:
>
>> (i) the District of Columbia was the matrimonial domicile of the parties immediately prior to their separation, or
>>
>> (ii) the cause of action to pay spousal support arose under the laws of the District of Columbia or under an agreement executed by the parties in the District of Columbia; or
>
> (D) in the case of a claim affecting the parent and child relationship:
>
>> (i) the child was conceived in the District of Columbia and such person is the parent or alleged parent of the child;
>>
>> (ii) the child resides in the District of Columbia as a result of the acts, directives, or approval of such person; or
>>
>> (iii) such person has resided with the child in the District of Columbia.
>
> (E) Notwithstanding the provisions of subparagraphs (A) through (D), the court may exercise personal jurisdiction if there is any basis consistent with the United States Constitution for the exercise of personal jurisdiction.

3

> (b) When jurisdiction over a person is based solely upon this section, only a claim for relief arising from acts enumerated in this section may be asserted against him.  DC ST §13-423.

The "long-arm statute" separates the act from the tortious injury and affords personal jurisdiction over non-residents only when both the act and injury occur in the District of Columbia.  *LaPointe*, 2004 U.S. Dist. LEXIS at *18(citing *Margoles v. Johns*, 483 F. 2d 1212, 1214 (D.C. Cir. 1973)); *Dorman v. Thornburgh*, 740 F. Supp. 875, 878 (D.D.C. 1990)(stating that for the "long-arm" statute to apply, both the act and the effect, or injury, must take place in the District).  The plaintiff bears the "burden of establishing a factual basis for the exercise of personal jurisdiction over the defendant."  *Crane v. New York Zoological Society*, 894 F.2d 454, 456 (D.C. Cir. 1990).

In this matter, Plaintiff has failed to allege any facts to bring Stein Mart within the jurisdiction of the Court.  Plaintiff is purportedly stating that an employee of Stein-Mart committed fraud, in the state of Georgia, by reporting allegedly false information to a "Federal Agent."  By Plaintiff's own admission in his Response the "Federal Agent" actually went into the Stein-Mart store, <u>in Georgia,</u> to obtain the information.  (See Plaintiff's Response at I(1).)  Because an injury by libel occurs at the site of publication, the injury, if any, occurred in Georgia.  *See Crane* at 457.  Plaintiff has simply failed to allege any facts whatsoever that would permit personal jurisdiction over Stein Mart.

      C.    <u>The Freedom of Information Act Does Not Provide Plaintiff a Cause of Action</u>.

In his Response Plaintiff alleges, for the first time, that Stein Mart violated, or had certain obligations under the Freedom of Information Act that it failed to fulfill.  (Response at I(3) and II).  However, the Freedom of Information Act is irrelevant as it pertains to a cause of action against Stein Mart.

4

The purpose of the Freedom of Information Act ("FOIA") is to provide citizens with better access to government records. *Broaddrick v. The Executive Office of the President*, 139 F. Supp. 2d 55, 59 (D.D.C. 2001) (emphasis added). District Courts have no jurisdiction under the FOIA to order discovery demanded by plaintiffs of private citizens. See *Kurz-Kasch, Inc. v. The U.S. Dept. of Defense,* 113 F.R.D. 147, 148 (S.D. OH 1986). Congress "did not intend or imagine that the FOIA would act as a dragnet to force private, non-governmental individuals to release personal confidential information." Id. at 148. In *Kurz-Kasch*, the court specifically held that it had no jurisdiction under the FOIA to enter an order in favor of the plaintiff allowing discovery of information and documents held by a private citizen unconnected in any way to the United States Government, except as someone who gave information to the Government. Id. at 147-48. This is precisely what Plaintiff is seeking to do in this matter. The only connection Plaintiff has identified between Stein Mart and the United States Government, is that one of its employees allegedly gave information to a "Federal Agent" about Plaintiff. Plaintiff even admits in his complaint that "[n]either the defendants [sic] are employees or contractors of the federal government. (Plaintiff's Complaint at pg. 15; ln. 19). Consequently, any claim against Stein Mart for violation of FOIA must be dismissed.

## CONCLUSION

For the reasons stated herein, and as previously stated in its Motion to Dismiss, Stein Mart moves that the Court dismiss Plaintiff's Complaint be dismissed in its entirety or alternatively, venue be transferred to the United States District Court for the Northern District of Georgia. Further, Stein Mart requests that it be awarded its costs and fees incurred in defending against the Plaintiff's Complaint.

Dated: April 10, 2006                     Respectfully submitted,

/S/
Paul R. Monsees
D.C. Bar No. 367138
FOLEY & LARDNER LLP
3000 K Street, N.W., Suite 500
Washington, D.C. 20007
(202) 672-5342

Kevin E. Hyde
Florida Bar No. 0768235
khyde@foley.com
FOLEY & LARDNER, LLP
One Independent Square
Suite 1300
Jacksonville, FL 32202
(904) 359-2000 (telephone)
(904) 359-8700 (facsimile)
Attorneys for Defendants,
Stein Mart, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Defendant Stein Mart, Inc.'s Reply to Plaintiff's Motion Not to Dismiss and Plaintiff's Motion to Maintain Venue was served, via first-class mail, this 10th day of April, 2006 to:

>Mr. Sam L. Clemmons
>548 Saint Charles Place
>Brookhaven, Mississippi  39601
>*Pro Se* Plaintiff

>_____/S/_____
>Paul R. Monsees

JACK_535124.1