UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MR. SAM L. CLEMMONS
    PLAINTIFF, PRO SE

v

STEIN MART, INCORPORATE
    DEFENDANT

CIVIL ACTION NO:

CASE NUMBER: 1:06CV00194
JUDGE: ROYCE C. LAMBERTH
DECK TYPE: FOIA / PRIVACY
   ACT
DATE STAMP: 02/03/2006

April 24, 2006

### Plaintiff's Motion Request for Summary Judgement

Comes Sam L. Clemmons, the Plaintiff, Pro Se file this Motion request for summary judgement in the District Court for the District of Columbia to act on this MOTION by informing and stating to the courts the following reasons for such summary judgement request:

1. The Defendant and the Defendant's counsel refuses to obey the courts' instructions in turning over the Plaintiff's employment record under the Freedom of Information Act.

2. The Defendant and the Defendant's counsel failed to acknowledge that such court's action is "official" government business placed upon the Defendant and the Defendant's counsel upon entering the business of the

**RECEIVED**

APR 2 6 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Defendant. Upon receiving the certified true copy of the federal investigation's report showing the Defendant's business name, address and employee's comments at question.

3. The Defendant and the Defendant's counsel are refusing to response and wish to avoid the court process by stating and arguing unnecessary claims. Such claims as: (A) lack of jurisdiction when the Plaintiff and the courts have justification rights and evidence that the Plaintiff's "place of business" is in the District of Columbia; therefore, giving the District Court of Columbia **full** jurisdiction rights to resolve this issue or matter within its courts. (B) The Defendant and the Defendant's counsel wishes to express change of venue for what particular reasons when such matter or issue can be resolved in the District Court of Columbia. (C) The Defendant and the Defendant's counsel wishes to express the FOIA but still failed to understand according to the Defendant's counsel statements given in it's response to the court dated April 10, 2006. The Defendant and Defendant's counsel fully stated "Id. At 148. In *Kurz-Kasch*, the court specifically held that it had no jurisdiction under the FOIA to enter an order in favor of the plaintiff allowing discovery of information and

documents held by a private citizen unconnected in any way to the United States Government, <u>except as someone who gave information to the Government</u>. The Plaintiff states and express to the Defendant and the Defendant's counsel did someone such as the Defendant's employee by the name of **Kendall Brown** give or gave information to a "Federal Agent" doing or conducting official government business in the United States of America? Therefore, the Freedom of Information Act applies in this lawsuit.

4. The Defendant and the Defendant's counsel have failed to provide the courts with the Plaintiff's employment record for review under *de novo*. Employment records such as: application, hiring papers, counseling statements, time cards showing 40 hours or more, termination papers signed by Kendall Brown, etc.

5. To validate Kendall Brown's statement the Plaintiff is also requesting a copy of Kendall Brown's time card for the time period ending 02/19/2000. This should show the courts and any jury the time frame when both the Plaintiff and the Defendant (Kendall Brown) worked together on the clock to validate statements made by Kendall Brown.

The Plaintiff file this MOTION requesting summary judgement due to the Defendant and Defendant's counsel failures stated

above and in submitting this evidence listed below to show the courts and a jury that such statements given to the Federal Agent or Federal Government under a federal investigation is FRAUD. The information listed below as **Exhibit 1,2 and 3.** Exhibit 1 and 2 will show the courts and a jury why such Defendant and the Defendant's counsel wishes to remove such actions or complaint from the District Court for District of Columbia. The Defendant and Defendant's counsel tactics are an attempt to avoid submissions of perjury or to deny any continuous submissions to giving false information to the federal government or courts under 18 U.S.C. § 1001. It clearly shows an attempt to cover up but to protect Kendall Brown and the Defendant's counsel company from liability but wishes to destroy the Plaintiff's creditability and trustworthiness.

 I, the Plaintiff submit the following evidence in Exhibit 1 and 2 in the District Court for the District of Columbia as true, accurate and correct. This information will show the courts and the jury that such information given to the federal government and federal agent under the Plaintiff's personal information is an attempt to defame the Plaintiff's character, the Plaintiff's work ethic, the Plaintiff's career, and the Plaintiff's whereabouts that constitutes FRAUD.

 The Defendant and the Defendant's counsel should have every right to defend and express to the courts that such evidence is

not true and correct when they submit their response against the Plaintiff's response with the attached exhibits listed below.

Information attached as Exhibit 1 - 3 are as follows:

1. **Exhibit # 1:** Six pages including The Untied States Office of Personnel Management's Official business dated July 11, 2005 with a certified mail tracking number of 7004 1160 0005 0897 0884 and August 10, 2005 with a certified mail tracking number of 7003 1010 0001 3719 4054. Attached are the certified **true** testimonies of the Defendants' statements confirmed and verified as truthful testimonies against the Plaintiff.

2. **Exhibit # 2:** Two pages of certified **true** copies of The Plaintiff's pay stub and Form W-2 that does not show 40 hours of work ever worked. Validating FRAUD.

3. **Exhibit # 3**: One mini cassette recording of an operation manager's statements of Stein Mart on August 1st, 2005. Stating to an investigator the proper procedures in releasing information to anyone seeking to obtain information on any employee and former employees according to company policy and procedures of Stein Mart (Defendant). This is expressed and stated on such cassette. Validating FRAUD.

4. **Exhibit # 4**: This exhibit will be withheld until the Defendant provides all the information requested and stated in this MOTION under the Freedom of Information Act. This Exhibit will justify and state the facts to the courts or a jury. For example, The reward amount requested by the Plaintiff.

For the record, if the Defendant and the Defendant's counsel wishes to rebuttal or request awarded for providing the federal government fraudulent information they should seek such recovery from the Office of Personnel Management and their trustworthy employee by the name of Kendall Brown not the Plaintiff. As the Plaintiff expressed in the initial complaint, the Plaintiff did nothing wrong in this investigation. The Defendant caused harm upon itself by providing the federal government fraudulent information to hurt the Plaintiff who was or is an asset to this country.

As the Plaintiff also stated in the initial complaint there is no reason why such person by the name of Kendall Brown should appear in any federal record or background information concerning the Plaintiff's character. The Plaintiff does not know the person (Kendall Brown) and the person (Kendall Brown) do not know the Plaintiff to say anything derogatory about the Plaintiff.

On the record and according to the facts submitted in this MOTION to enter discovery <u>1 hour</u> does not constitutes enough time to say anything about someone to cause harm and to hurt their career.

The Defendant and Defendant's counsel should obey any court orders, judgement, sanction, etc. imposed by the court from this date forth.

The Plaintiff trusts that the courts will review the facts and conduct its summary judgment according to the standards.

As for as the Plaintiff is concern in dealing with the Defendant and the Defendant's counsel this matter should be closed after the judge's summary judgement. The outcome should be made available to the Office of Personnel Management or any other federal investigation agency thereafter for actions and violations under 18 U.S.C. § 1001.

End of Motion Request for Summary Judgement:

Respectfully submitted,

Sam L. Clemmons, Plaintiff Pro Se
548 Saint Charles PL
Brookhaven, MS 39601

CC: **Defendant's Counsel Foley & Lardner, LLP**
    **U.S. District Court for District of Columbia**

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard, Jacksonville, FL 32207

1     **CC:** www.usps.com for tracking purposes to the initial
2 complaint

3 Stein Mart, Incorporation;
    **Express Mail #:** EQ 242464019 US
4 Mary L. Lee, Paralegal Certified Mail # 7005 0390 0002 2211 2578
United State District Court of the District of Columbia;
5     **Express Mail #:** EQ 242464005 US
Records

9

## CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of April 2006 a copy of the MOTION request for summary judgement has been served my first-class certified mail to the following:

### Court

Office of the Clerk
UNITED STATES DISTRICT COURT
333 Constitution Ave, NW, Room 1225
Washington, DC 20001
**CERTIFIED MAIL:** 7005 1820 0001 7572 5842

### Defendant' Counsel

Foley & Lardner, LLP
3000 K Street, N.W. Suite 500
Washington, DC 20007-5143
**CERTIFIED MAIL:** 7005 1820 0001 7572 5880

### Witness to the Records

Mrs. Mary L. Lee, Paralegal
P.O. Box 28558
Atlanta, GA 30358

April 24, 2006
Date

Sam L. Clemmons,
Plaintiff, Pro Se

Sam L. Clemmons vs. Stein Mart, Incorporation 1200 Riverplace Boulevard, Jacksonville, FL 32207