**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SAM L. CLEMMONS ) | |
| ) | |
| **Plaintiff**, *Pro se* ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00194 |
| ) | Judge Royce C. Lamberth |
| STEIN MART, INC., ) | |
| ) | |
| **Defendant**. ) | |
| ) | |
| ) | |

**DEFENDANT STEIN MART, INC.'S OPPOSITION TO**
**PLAINTIFF'S MOTION REQUEST FOR SUMMARY JUDGMENT**

The Defendant, Stein Mart, Inc. ("Stein Mart" or the "Defendant") responds to the Plaintiff's Motion Request for Summary Judgment (the "Response"). Stein Mart states:

Even granting Plaintiff liberal accord due to his *pro se* status, the Motion Request for Summary Judgment is deficient in any number of respects, both substantively and procedurally.

1. Plaintiff's Motion Request for Summary Judgment does not contain a required separate statement of material facts ("[e]ach motion for summary judgment shall be accompanied by a statement of material facts as to which the moving party contends there is no genuine material issue, which shall include references to the parts of the record relied on to support the statement.") LCvR 7(h). Plaintiff's motion should therefore be stricken or denied.

2. Stein Mart's Motion to Dismiss, filed March 21, 2006 (Dkt. 3) is pending before the court. If granted, it will dispose of the case entirely. While Plaintiff has responded to Stein Mart's Motion to Dismiss, he cannot now file his own dispositive motion in an attempt to avoid the Court's ruling on the Motion to Dismiss. In addition, the purpose of the new motion appears to be to prove that information provided by Stein Mart in response to requests from

JACK_538229.1

federal investigators was somehow false because the Stein Mart employee, Plaintiff's supervisor, allegedly had no basis to comment on Plaintiff's brief performance as a Stein Mart employee. Obviously, such an allegation is inherently factual. His Motion for Summary Judgment is, at best, premature. More importantly though, as stated in Stein Mart's Motion to Dismiss, Plaintiff has no private right of action under 18 U.S.C. § 1001 as alleged so there are no grounds upon which he is entitled to summary judgment.

   3. Plaintiff misstates Stein Mart's reference to <u>Kurz-Kasch v. U.S. Dep't. of Defense</u>, 113 F.R.D. 147 (S.D. Oh. 1986). That Court clearly refused, in a FOIA case, to enforce a plaintiff's effort to obtain discovery from a third party private citizen whose only connection with the federal government was having provided information to the government. It did not hold, as Plaintiff suggests, that a FOIA claim can be brought against a private, non-governmental entity like Stein Mart.

   4. Plaintiff's numbered paragraphs 1-5 are more in the nature of a discovery request. Even if the request were somehow related to the original complaint, the requests are premature because the required Rule 26(f) conference has not been held nor have the initial disclosures mandated by Rule 26(a) occurred.

   Stein Mart requests that the Plaintiff's Motion Request for Summary Judgment be stricken or denied and that the Court rule on the pending Motion to Dismiss. Stein Mart further requests that Plaintiff be directed not to file additional pleadings until after this Court has ruled on Stein Mart's pending Motion to Dismiss. Further, Stein Mart requests that it be awarded its costs and fees incurred in defending against the Plaintiff's Complaint and frivolous motions.

Dated: May 3, 2006                    Respectfully submitted,

                              _____/S/_____
                              Paul R. Monsees
                              D.C. Bar No. 367138
                              FOLEY & LARDNER LLP
                              3000 K Street, N.W.
                              Suite 500
                              Washington, D.C. 20007
                              (202) 672-5342

                              Kevin E. Hyde
                              Florida Bar No. 0768235
                              khyde@foley.com
                              FOLEY & LARDNER, LLP
                              One Independent Square
                              Suite 1300
                              Jacksonville, FL 32202
                              (904) 359-2000 (telephone)
                              (904) 359-8700 (facsimile)

                              Attorneys for Defendants, Stein Mart, Inc.

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Defendant Stein Mart, Inc.'s Reply to Plaintiff's Motion Not to Dismiss and Plaintiff's Motion to Maintain Venue was served, via electronic and first-class mail, this 3rd day of May, 2006 to:

>Mr. Sam L. Clemmons
>548 Saint Charles Place
>Brookhaven, Mississippi  39601
>*Pro Se* Plaintiff

_____/S/_____
Paul R. Monsees