UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAM L. CLEMMONS ) | |
| ) | |
| **Plaintiff**, *Pro se* ) | |
| ) | |
| v. ) | Case No. 1:06-CV-00194 |
| ) | Judge Royce C. Lamberth |
| **STEIN MART, INC.,** ) | |
| ) | |
| **Defendant**. ) | |
| ) | |
| ) | |

### DEFENDANT STEIN MART, INC.'S OPPOSITION TO PLAINTIFF'S "MOTION REQUEST TO SUBPOENA DUCES TECUM..." AND ALTERNATIVELY STEIN MART'S MOTION TO STAY DISCOVERY

The Defendant, Stein Mart, Inc. ("Stein Mart" or the "Defendant") responds to the Plaintiff's "Motion Request to Subpoena Duces Tecum After Motion Request to Enter Discovery But Before Summary Judgment Has Been Issued" (the "Motion for Subpoena"). Stein Mart moves the court to deny the Motion for Subpoena and to quash the subpoena, to the extent it was properly "issued" by the *pro se* Plaintiff. Further Stein Mart moves to stay all discovery pending ruling on its Motion to Dismiss.

    A.    <u>Plaintiff's Subpoena Should Be Quashed</u>

    1.    On July 17, 2006, Plaintiff, who is not an officer of the court, purported to issue a subpoena to Stein Mart.[1] The subpoena was mailed, presumably on July 17, 2006, and purports to command an appearance to produce documents on July 25, 2006. Plaintiff signed the subpoena as the "Issuing Officer." *See* subpoena attached hereto as Exhibit A. Pursuant to Rule

---

[1] The Proof of Service suggests that it was served on Stein Mart, Inc. by serving its counsel, Foley & Lardner LLP; however, the face of the subpoena indicates that it was directed to "Law Office of Foley & Lardner."

45(a)(3) of the Federal Rules of Civil Procedure, a subpoena may be issued by the clerk or "an attorney as an officer of the court." Thus, Plaintiff cannot issue the subpoena and it should be quashed.

      B. Plaintiff's Motion for Subpoena Should Be Denied and a Stay of All Discovery Should Be Entered.

    2. Plaintiff's Motion for Subpoena appears to request the court to subpoena or allow him to subpoena documents from Stein Mart. This motion should be denied because Stein Mart has a pending Motion to Dismiss before the court. Further, Plaintiff himself has a Motion for Summary Judgment pending before the court. Specifically:

      a. Stein Mart filed a Motion to Dismiss and Alternatively Motion to Transfer Venue on March 20, 2006. (Docket #3 & 4). Plaintiff responded to Stein Mart's Motion to Dismiss on April 4, 2006. (Docket #7). The Court has not ruled on Stein Mart's Motion to Dismiss.

      b. Plaintiff filed a Motion for Summary Judgment on April 26, 2006. (Docket #8). Stein Mart responded to Plaintiff's Motion on May 3, 2006. (Docket #9). The Court has not ruled on Plaintiff's Motion for Summary Judgment.

    Plaintiff has not identified anything in the Motion for Subpoena that would aid the Court in ruling on Stein Mart's Motion to Dismiss or his Motion for Summary Judgment. Stein Mart's Motion to Dismiss is based purely on legal grounds, namely the applicability of 18 U.S.C. 1001 as a statute to provide relief for the facts alleged in Plaintiff's Complaint. The Court should exercise its inherent power and order that all discovery is stayed in this action pending resolution of Stein Mart's Motion to Dismiss. *See White v. Fraternal Order of Police,* 909 F.2d 512, 516 (D.C. Cir. 1990) (decision whether to stay discovery is committed to sound discretion of the district court, and its decision to stay discovery is reversed only for abuse of discretion) and

*Charles v. Washington,* 2003 WL 190797 (D.C. Cir. 2003). *See also Aponte-Torres v. UPR,* 445 F.3d 50, 54 (1st Cir. 2006) (affirming dismissal of complaint and district court's decision to stay discovery pending consideration of motion to dismiss) and *Taylor v. Melching,* 168 F.3d 754 (9th Cir. 2006) (finding district court did not abuse discretion by staying discovery pending the outcome of defendant's motion to dismiss as Plaintiff did not show how the failure to pursue discovery resulted in actual and substantial prejudice).

Finally, to the extent that this case eventually proceeds in this Court—which it should not—discovery, if any, between the parties should take place through interrogatories and document requests after a Rule 26 discovery conference. Plaintiff cannot, through the guise of a subpoena, circumvent the party discovery rules and processes of this Court.

Wherefore, Stein Mart requests that Plaintiff's Motion for Subpoena be denied; that Plaintiff's subpoena, to the extent validly issued, be quashed; and that all discovery in the case be stayed pending resolution of Stein Mart's Motion to Dismiss. Further, Stein Mart requests that it be awarded its costs and fees incurred in defending against the Plaintiff's Complaint, the Motion for Subpoena and other frivolous motions.[2]

---

[2] Stein Mart renews the request made in its opposition to Plaintiff's Motion for Summary Judgment that Plaintiff not be allowed to file additional pleadings until after the Court has ruled on Stein Mart's Motion to Dismiss. (Docket #9 at p. 2).

Dated: July 25, 2006                                    Respectfully submitted,

                                                          /S/

Paul R. Monsees
D.C. Bar No. 367138
FOLEY & LARDNER LLP
3000 K Street, N.W.
Suite 500
Washington, D.C. 20007
(202) 672-5342

Kevin E. Hyde
Florida Bar No. 0768235
khyde@foley.com
FOLEY & LARDNER, LLP
One Independent Square
Suite 1300
Jacksonville, FL 32202
(904) 359-2000 (telephone)
(904) 359-8700 (facsimile)

Attorneys for Defendants, Stein Mart, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Defendant Stein Mart, Inc.'s Reply to Plaintiff's Motion Not to Dismiss and Plaintiff's Motion to Maintain Venue was served, via electronic and first-class mail, this 25th day of July, 2006 to:

        Mr. Sam L. Clemmons
        548 Saint Charles Place
        Brookhaven, Mississippi  39601
        *Pro Se* Plaintiff


                                          /S/
                             Paul R. Monsees